[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 759
The parties intermarried on June 9, 1979 in Bedford, New York. They have resided in the State of Connecticut since 1982. They have one minor child issue of the marriage, Noel K. Ausserlechner, who was born on February 8, 1982.
The court has listened to the witnesses and reviewed all the exhibits in the case. In addition, the court has carefully considered the criteria set forth in Connecticut General Statutes sections 46b-56,46b-62, 46b-81, 46b-82, 46b-84 and 46b-86 (b) in reaching the decisions reflected in the orders that follow.
At the time of trial the plaintiff wife was 46 years old and the defendant husband 43. The parties enjoy good health. Although they married in 1979, their relationship began ten years earlier. When they began their relationship the plaintiff had completed high school and attended Barbizon modeling school. She was employed at Multi-Forum in Mt. Vernon, New York as a price estimator earning approximately $150 per week. The defendant had completed high school in his native Austria and had obtained degrees in pastry making and cooking there. He moved to America and obtained positions as Assistant Chef at the Greenwich (Connecticut) Country Club and the Pelham (New York) Country Club earning approximately $300 per week.
The parties remained together much of the ten years before their marriage, living in Austria and California before settling in Bedford Hills, New York. Since the marriage the husband has worked steadily in the food service field in management positions at Sarah Lawrence College in New York and A S department store in Paramus, New Jersey before opening his own restaurant, Kaffee Bazar in Armonk, New York in 1980-1981. During the time the defendant operated the restaurant, the plaintiff gave him $139,000. Loans from her family members were made to him, not all of which were repaid. The restaurant was successful but the defendant sold it in 1986 and expanded a pastry business he owned and operated with a partner. The partnership later dissolved and the business closed. Today the defendant operates a food brokerage service. He shows earned income of $21,460 on his financial affidavit. He also shows income from other sources, including a note from the sale of the restaurant, which provides gross income in excess of $40,000 annually. The defendant gave no convincing evidence as to why he sold Kaffee Bazar and why he is no longer earning more income. He has an earning capacity in excess of $40,000. CT Page 760
The plaintiff held a series of temporary jobs before and shortly after the marriage. Inherited assets generated income which she used to pay ongoing bills, pooling her money with the defendant's. She determined the amount of her monthly allowance. She placed a $25,000 down payment on a home in Bedford Hills, New York, in 1977 and made improvements with her own funds. In the early 1980s certain holdings in a family business were purchased by Gulf Oil Company and her wealth increased substantially. Today, she spends approximately $17,000 per month on her family's living expenses, drawing an allowance and additional monies from her accounts. Her brothers, John and Peter Kemmerer manage the family assets.
The plaintiff bought her "dream house" at 850 North Street, Greenwich, in 1982 for $760,000. The defendant stated at the time of the purchase and thereafter that such a home was beyond his means to purchase or maintain. He, therefore, contributed little to its maintenance or improvement although he paid several thousand dollars for trees. The plaintiff paid the taxes and insurance as well as maintenance costs and repairs.
The parties lived a moderately wealthy lifestyle which was neither lavish nor luxurious. They took vacations in St. Bart's, Cape Cod and Florida, in some cases sharing the cost of accommodations with another couple. These accommodations were not sumptuous. The plaintiff paid for the vacation travel and accommodation expenses. The defendant brought cash with him in the amount of $2000 to spend. The family ate in restaurants frequently. The defendant often paid on these occasions. He also gave the plaintiff the sum of $8500 toward the purchase of a Porsche automobile. The plaintiff also paid for all other living expenses. She spent large sums of money decorating the marital home as she has a great interest in interior decorating.
The minor child is the beneficiary of trusts established by the plaintiff and is financially secure in her own right.
The plaintiff was the primary caretaker of the child. The child lives with the plaintiff at the marital residence. Both parties are concerned about her welfare and, at the time of trial, able to make arrangements for visitation with her father without strain and without involving her in a disagreement. The court commends them for this. CT Page 761
The court finds that there is requisite jurisdiction and that the allegations of the complaint are proven and true. The evidence presented at trial clearly established that the parties' marriage has broken down irretrievably. No useful purpose would be served by a review of the evidence as presented. The parties' differences in personalities, values and sensitivities caused problems which led to the irretrievable breakdown of the marriage. The court declines to assess fault to either party for this breakdown. Judgment may enter dissolving the marriage on the ground of irretrievable breakdown.
Accordingly, the following orders shall enter:
A. Alimony
1. Neither party is awarded alimony.
B. Child Support
2. The defendant shall pay to the plaintiff the sum of $1.00 per year as child support. C. Custody
1. The plaintiff shall have sole legal custody of the minor child. The defendant shall have liberal and reasonable rights of visitation.
D. Property Division
1. The plaintiff shall retain ownership of the marital residence at 850 North Street, Greenwich, and have exclusive possession thereof.
2. The plaintiff shall pay to the defendant the sum of $2,000,000 in full and final settlement of his property rights acquired in the marriage. He will relinquish all claim to the plaintiff's remaining assets. The court's intention is to provide the defendant with sufficient funds so that reasonable investment will generate sufficient income to yield a sum commensurate with the funds he received pendente lite from the plaintiff and to provide the wherewithal to acquire assets. Further, it is anticipated that he will utilize his skill and experience in more remunerative areas of the food service business.
3. The defendant shall retain his IRA and his business interests. CT Page 762
4. The plaintiff shall retain the furniture and furnishings located in the marital residence. The defendant shall remove any personal effects and any furniture or furnishings he purchased. In the event of any dispute regarding the furniture or furnishings the parties shall submit the issue to the Family Relations Office for mediation.
5. Each party shall retain his or her own automobiles.
E. Medical Insurance
1. The plaintiff shall maintain medical insurance for the minor child and pay the unreimbursed portions of the child's medical and dental expenses.
F. Liabilities
1. Each party shall be responsible for the obligations listed on his or her financial affidavit and shall hold the other party harmless thereon.
F. Counsel Fees
1. Each party shall be responsible for paying his or her own counsel fees.
All other claims for relief not expressly addressed herein have been rejected.
The case file shall be sealed until further order of the court.
Judgment may enter accordingly.
The court commends both attorneys on their presentation of the case. Their development of the evidence aided the court.
Leheny, J.